**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LAWRENCE GUDMESTAD, :
:
          Petitioner, : Civil Action No. 06-265 (M.C.)
:
    v. :
: **O P I N I O N**
KATHRYN MACFARLAND, et al., :
:
          Respondents. :

**APPEARANCES**:

Lawrence Gudmestad, Pro Se
South Woods State Prison
#200417/67546B
215 Burlington Road South
Bridgeton, NJ 08302

**COOPER, District Judge**

    Petitioner, Lawrence Gudmestad, filed this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the petition, the Court finds that it is subject to dismissal as time-barred, pursuant to 28 U.S.C. § 2244(d)(1). However, the Court will allow the petitioner the opportunity to show cause as to why the petition should not be dismissed.

### BACKGROUND

    Petitioner was convicted of burglary, robbery, assault and other state law charges on May 31, 1985 by the Superior Court of New Jersey, Law Division, Monmouth County. (Petition, ¶¶ 1-4).

The petitioner appealed from his conviction, and the Superior Court of New Jersey, Appellate Division ("Appellate Division") reversed and remanded for resentencing on April 8, 1986. But on resentencing, the Law Division gave Petitioner the same sentence. According to Petitioner, the Appellate Division affirmed his resentencing in "late 1986 or early 1987." The New Jersey Supreme Court denied certification in "mid 1987." In May 1996, Petitioner was released on parole. At some point before June 2003, Petitioner moved to reduce his sentence in the Law Division.

This petition was filed on January 26, 2006. The only claim asserted by Petitioner is that his 1985 sentence was illegal.

## DISCUSSION

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Atty. Gen., 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Lonchar v. Thomas, 517 U.S. 314, 320

(1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985); see also 28 U.S.C. §§ 2243, 2255.

**Statute of Limitations**

Petitioner's request for habeas corpus relief appears to be time-barred.[1] Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, a petitioner has one-year from the date a conviction becomes final to file a petition for a writ of habeas corpus. See 28 U.S.C. § 2244(d)(1).[2] The New Jersey Supreme Court denied certification

---

[1] Because Petitioner's § 2254 petition appears to be time-barred, a Mason notice and order is unnecessary and would be misleading. The Mason order allows a petitioner to withdraw a pending § 2254 application and file one all-inclusive § 2254 application *subject to the one-year statute of limitations*. The purpose of such notice and order was to provide fair warning to petitioners whose petitions were being re-characterized as § 2254 applications so that they could ensure that all their claims were fully raised in a single all-encompassing § 2254 petition. See Mason v. Meyers, 208 F.3d 414, 418 (3d Cir. 2000). Such warning is necessary because petitioners will thereafter be unable to file successive § 2254 petitions without certification by the Court of Appeals. See id. However, if petitioner's § 2254 application is untimely in this case, no purpose would be served by a Mason notice. It would be misleading to suggest to the petitioner that he has an opportunity to withdraw his untimely application and file one all-inclusive § 2254 petition already out of time.

[2] 28 U.S.C. § 2244(d)(1) creates a one year statute of limitations on habeas corpus petitions and reads in pertinent part:

> [a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the

3

of his petition in 1987. Therefore, Petitioner's state court conviction would have become final in 1987 or the latest, 1988, when the time for seeking certiorari review in the United States Supreme Court expired. See 28 U.S.C. § 2244(d)(1); see also Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999).

But as Petitioner's conviction became final before April 24, 1996, the effective date of the AEDPA, the petitioner actually had one year, or until April 23, 1997, to file his petition for a writ of habeas corpus. See Miller v. N.J. State Dep't of Corrs., 145 F.3d 616, 617 (3d Cir. 1998). The instant petition was filed on January 26, 2006.[3] Thus, the petition appears time-barred.

---

conclusion of direct review or the expiration of the
time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

[3] The statute of limitations period is tolled during the pendency of state post-conviction relief applications; therefore, this period does not count toward the one-year calculation. See 28 U.S.C. § 2244(d)(2). Petitioner does not state whether or not his Petition should be subject to this statutory tolling.

Petitioner also states one claim in the petition: that his sentence was illegal.  However, a federal court's review of state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies."  See Grecco v. O'Lone, 661 F.Supp. 408, 415 (D.N.J. 1987) (citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Ct. of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984); see also  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

While this Court is inclined to deny this petition as time-barred, and for failure to raise a cognizable federal claim, the Court will Order the petitioner to show cause, in writing, as to why the petition should not be dismissed.  In response to the Order to Show Cause, the petitioner must set forth facts regarding any and all appeals and post-conviction proceedings or other collateral review in state courts, including dates of any such filings, all issues raised, results, dates of results, and whether or not any of these filings were appealed to the highest courts of the state.  Further, Petitioner is also directed to show cause as to why this case should not be dismissed for failure to raise a cognizable federal claim.

## **CONCLUSION**

The Court will issue an order allowing Petitioner to show cause as to why this petition should not be dismissed.  If Petitioner chooses not to respond to the Order to Show Cause, the petition will be dismissed.  If Petitioner chooses to respond to the Order to Show Cause, and the Court is convinced that the petition is not time-barred, and that Petitioner states a cognizable federal claim, the Court will issue an Order pursuant to <u>Mason v. Meyers</u>, and the litigation will proceed.  If Petitioner chooses to respond to the Order to Show Cause, and the Court determines that the petition is time-barred or fails to state a cognizable federal claim, the Court will dismiss the petition.

The Court will issue an appropriate Order and Order to Show Cause.

                                                                s/ Mary L. Cooper  
                                                           **MARY L. COOPER**  
                                                           United States District Judge